## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES E. SHELTON,** individually and on behalf of all others similarly situated, | Case No. 24-5593 |
| *Plaintiff,* | **CLASS ACTION** |
| *v.* | **JURY TRIAL DEMANDED** |
| **VICTORY HOME REMODELING LLC** | |
| *Defendant.* | |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff James E. Shelton ("Plaintiff" or "Mr. Shelton") brings this Class Action Complaint and Demand for Jury Trial against Defendant Victory Home Remodeling LLC ("Defendant" or "Victory") and alleges as follows:

1.      Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2.      "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal

government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people.  The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3.     The Plaintiff brings this action to enforce the consumer-privacy provisions of the TCPA alleging that Victory violated the TCPA by making telemarketing calls to Plaintiff and other putative class members listed on the National Do Not Call Registry without their written consent as well as calling people who had previously asked to no longer receive calls.

## PARTIES

4.     Plaintiff James E. Shelton is an individual residing in the Eastern District of Pennsylvania.

5.     Defendant Victory Home Remodeling LLC is a New Jersey corporation which is registered to do business in Pennsylvania, and, inter alia, advertises its services legally with Philadelphia Eagles Wide Receiver DeVonta Smith attending a ribbon-cutting ceremony at its new

Philadelphia office, but also by telemarketing people like Mr. Shelton who specifically asked not to be contacted and in fact had previously sued Victory for similar conduct.

## JURISDICTION AND VENUE

6.    This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

7.    The Court has general personal jurisdiction over Defendant because it has consented to the exercise of general personal jurisdiction over it in Pennsylvania by registering to do business in Pennsylvania.

8.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the telephone calls at issue were orchestrated into and sent to numbers registered in this District, and therefore a substantial part of the events giving rise to the claim occurred in this District.

## BACKGROUND

**A.    The TCPA Prohibits Calls to Numbers on the National Do Not Call Registry.**

9.    The TCPA prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

10.    The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

11.    A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

12.    The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers on the Registry and provide a private right of

action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47
U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**B.  THE TCPA REQUIRES ENTITIES TO HAVE SUFFICIENT POLICIES IN PLACE TO PREVENT UNWANTED CALLS BEFORE MAKING TELEMARKETING CALLS.**

13.     The TCPA specifically required the Federal Communication Commission
("FCC") to "initiate a rulemaking proceeding concerning the need to protect residential
telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they
object." 47 U.S.C. § 227(c)(1).

14.     The FCC was instructed to "compare and evaluate alternative methods and
procedures (including the use of . . . company-specific 'do not call systems . . .)" and "develop
proposed regulations to implement the methods and procedures that the Commission determines
are most effective and efficient to accomplish purposes of this section." *Id.* at (c)(1)(A), (E).

15.     Pursuant to this statutory mandate, the FCC established company-specific "do not
call" rules. *In the Matter of Rules and Regulations Implementing the Telephone Consumer
Protection Act of 1991*, 7 F.C.C. Rcd. 8752 (Oct. 16, 1992) ("TCPA Implementation Order").

16.     These regulations are codified at 47 C.F.R. §§ 64.1200(d)(1)-(7).

17.     Specifically, these regulations require a company to keep a written policy,
available upon demand, for maintaining a do not call list, train personnel engaged in
telemarketing on the existence and use of its internal do not call list, and record and honor "do
not call" requests for no less than five years from the time the request is made. 47 C.F.R. §§
64.1200(d)(1, 2, 3, 6).

18.     This includes the requirement that "[a] person or entity making a call for
telemarketing purposes must provide the called party with the name of the individual caller, the

name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity can be contacted." 47 C.F.R. § 64.1200(d)(4).

## FACTUAL ALLEGATIONS

19.     The Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

20.     At no point did the Plaintiff consent to receiving telemarketing calls from the Defendant prior to receiving the calls at issue.

21.     In fact, the Plaintiff had not only explicitly revoked consent for Victory to contact him multiple times, but the Plaintiff also previously sued Victory arising out of highly illegal prerecorded robocalls which were sent by a vendor Victory hired.

22.     Plaintiff's residential cellular telephone number is (215)-XXX-XXXX and has been on the National Do Not Call Registry for more than a year prior to the calls at issue.

23.     Mr. Shelton uses the number for personal, residential, and household reasons.

24.     Mr. Shelton does not use the number for business reasons or business use.

25.     The number is a residential telephone line because it is not assigned to a telephone exchange service for businesses.

26.     Plaintiff has never been a customer of Victory and never consented to receive calls from Victory.

27.     Two months ago, Plaintiff received numerous illegal and unsolicited text messages from Victory and a pre-recorded call from Victory's vendor which are not the subject of the instant suit, and therefore sued Victory for the pre-recorded call.

28.     Plaintiff's telephone number (215)-XXX-XXXX was supposed to be and in fact was listed in Victory's Internal Do Not Call List.

29.     Despite that fact, on October 18, 2024, the Plaintiff received two calls from Victory from the caller ID 551-210-2052 in an attempt to sell him windows.

30.     During the first call, which the Plaintiff answered, the Plaintiff spoke with "Matt," a Victory employee who was calling to solicit the Plaintiff for an estimate on windows.

31.     During the second call, which the Plaintiff also answered, the Plaintiff spoke with yet another unnamed employee, who sounded similar to "Matt," who was again calling to solicit the Plaintiff for an estimate on windows.

32.     When this individual was pressed as to why Victory continued to call Mr. Shelton, despite getting sued, the individual stated that he had no clue why he was calling the Plaintiff, and realized that he should not have done so because the Plaintiff was listed on Victory's internal do not call list.

33.     Upon information and belief, Victory recently transitioned to a new telephone system to make outbound telemarketing calls.

34.     However, for reasons which are not yet fully clear, Victory's Internal Do Not Call list and possibly National Do Not Call Registry were not imported into the new telephone system.

35.     As a result, hundreds or thousands of individual class members, including and like Mr. Shelton, received calls from Victory, despite either indicating to Victory that they were not to be called, thereby revoking any putative consent and/or because their numbers were on the National Do Not Call Registry and therefore meaning that Victory could not contact them without their consent.

36.     The calls were all placed from agents who affirmatively identified that they were calling from Victory.

37.     The calls were all placed without consent because, at best, any consent that existed as an initial matter had been revoked by the Plaintiff over two months prior to the calls.

38.     The calls were unwanted.

39.     The calls were nonconsensual encounters.

40.     The calls were made in an attempt to sell the Plaintiff windows.

41.     The Plaintiff has no need for new windows.

6

42.    Plaintiff's privacy has been repeatedly violated by the above-described telemarketing calls.

43.    Plaintiff never provided his consent or requested the calls.

44.    Plaintiff and the Class have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. In addition, the calls occupied their telephone lines, storage space, battery life, wear and tear, and bandwidth, rendering them unavailable for legitimate communication, including while driving, working, and performing other critical tasks.

## CLASS ACTION ALLEGATIONS

45.    Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

46.    Plaintiff brings this action on behalf of himself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23(b)(2) and (b)(3).

> **National DNC Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant encouraging the purchase of Victory's goods or services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

> **Internal Do Not Call Class:** All persons within the United States to whom: (1) Defendant (or a third-party acting on behalf of Defendant) sent (2) two or more telemarketing calls in a 12-month period, (3) who were not current customers of the Defendant at the time of the calls, (4) who had previously asked for the calls to stop or for a copy of Defendant's Do Not Call Policy and (5) within the four years prior to the filing of the Complaint.

47.    **Numerosity**: The exact number of Class members is unknown but based on nature of telemarketing, even for a month, without any do not call list in place, is believed to be at least

hundreds of persons at this time, and individual joinder in this case is impracticable. Class members can be easily identified through Defendant's records, or those of their agents.

48.     **Typicality**: Plaintiff's claims are typical of the claims of other Class members in that Plaintiff, and Class members, sustained damages arising out of Defendant's telemarketing calls and Class members sustained similar injuries and damages as a result of Defendant's uniform illegal conduct, including failure to scrub calling lists against internal and national registries.

49.     **Adequacy**: Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in complex class actions to vigorously prosecute this action on behalf of the Classes. Plaintiff has no interests that conflict with, or are antagonistic to those of, the Classes, and Defendant has no defenses unique to Plaintiff.

50.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and members of the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to, the following:

a.     Whether Defendant obtained "prior express invitation or permission" under the TCPA, before the calls at issue;

b.     whether Defendant recorded or honored "do not call" requests of Plaintiff and members of the Internal Do Not Call Class;

c.     Whether Defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the TCPA's do-not-call regulations;

d.     Whether Defendant should be held liable for violations committed on its behalf; and

e. Damages, including whether any violations were performed willfully or knowingly, such that Plaintiff and the other Class members are entitled to treble damages under 47 U.S.C. § 227(c)(5).

51. **Superiority**: Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. There are hundreds of Class members, such that joinder of all members is impracticable.

52. In addition to satisfying the prerequisites of FED. R. CIV. P. 23(a), Plaintiff satisfies the requirements for maintaining a class action under FED. R. CIV. P. 23(b) because:

a. The prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendant;

b. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

c. Defendant has acted or refused to act on grounds that apply generally to the proposed Classes, thereby making final injunctive relief or declaratory relief herein appropriate with respect to the proposed Classes as a whole; and

       d.     Questions of law or fact common to the members of the Classes predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**COUNT I**
**Violations of the TCPA, 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the National DNC Class)**

53.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

54.     It is a violation of the TCPA to initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do Not Call Registry. 47 C.F.R. 64.1200(c)(2).

55.     Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated the TCPA by causing multiple telephone solicitation calls to be initiated to Plaintiff and members of the National DNC Class in a 12-month period, despite the person's registration of his or her telephone numbers on the National Do Not Call Registry.

56.     These violations were willful or knowing.

57.     As a result of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA's national do-not-call rule, Plaintiff and members of the National DNC Class are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

58.     Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

## COUNT II
### Violation of the Telephone Consumer Protection Act
### (47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(d))
### (On Behalf of Plaintiff and the Internal Do Not Call Registry Class)

59.    Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

60.    The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by sending telemarketing calls, except for emergency purposes, to Plaintiff and members of the Internal Do Not Call Class despite previously requesting that such calls stop.

61.    Defendant's violations were negligent, willful, or knowing.

62.    As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Internal Do Not Call Class are entitled to an award of up to $500 and in damages for each and every call sent and up to $1,500 in damages if the calls are found to be willful.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the National DNC Class, and Internal Do Not Call Registry Class, respectfully request that the Court enter judgment against Defendant for:

A.    Certification of the National DNC Class as alleged herein;

B.    Certification of the Internal Do Not Call Registry Class as alleged herein;

C.    Appointment of Plaintiff as representative of the Classes;

D.    Appointment of the undersigned as counsel for the Classes;

E.    Damages to Plaintiff and members of the Classes pursuant to 47 U.S.C. § 227(c)(5);

F.      Injunctive relief for Plaintiff and members of the Classes, pursuant to 47 U.S.C. § 227(c)(5), preventing the Defendant from making calls to numbers listed on the National Do Not Call Registry and/or preventing the Defendant from making calls to numbers which have previously requested that the Defendant not call;

G.      Attorneys' fees and costs, as permitted by law; and

H.      Such other or further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

RESPECTFULLY SUBMITTED AND DATED this October 21, 2024.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
E.D. Pa. Bar #333687
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

*/s/ Anthony Paronich*
Anthony Paronich
(*Pro Hac Vice* Forthcoming)
Email:  anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone:  (617) 485-0018
Facsimile:  (508) 318-8100

*Attorneys for Plaintiff and the Proposed Class*