IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| JAMES E. SHELTON, individually and on behalf of all others similarly situated, | : : : | |
| | : | Civil Action No. 24-5593 |
| Plaintiff, | : : | |
| v. | : : | |
| VICTORY HOME REMODELING LLC, | : : : | |
| Defendant. | : : | |

ANSWER WITH AFFIRMATIVE DEFENSES
OF DEFENDANT VICTORY HOME REMODELING LLC

Defendant, Victory Home Remodeling LLC ("**Victory**"), through its undersigned counsel, Fox Rothschild LLP, hereby submits its answer with affirmative defenses in response to the putative class action complaint filed by plaintiff, James E. Shelton ("**Shelton**"), as follows:

**ANSWER**

1. Denied. By way of further response, Victory is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 1 of Shelton's complaint. By way of further response, the allegations in Paragraph 1 of Shelton's complaint refer to a writing – the Telephone Consumer Protection Act – that should be reviewed for its content. Victory denies all characterizations of that writing.

2. Denied. By way of further response, the allegations in Paragraph 2 of Shelton's complaint refer to a writing – selective portions of an opinion issued in *Krakauer v. Dish Network, LLC*, 925 F.3d 643 (4th Cir. 2019) – that should be reviewed for its content. Victory denies all characterizations of that writing. By way of further response, to the extent that the allegations set forth in Paragraph 2 of Shelton's complaint constitute conclusions of law, no response is required.

3. Admitted in part. Denied in part. Victory admits only that Shelton purports to allege a cause of action under the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "**TCPA**"). By way of further response, Victory denies that it violated the TCPA. Victory further denies that Shelton is entitled to any compensation or relief whatsoever in connection with these proceedings. Victory further denies that Shelton can maintain these proceeding as a putative class action. Victory denies all remaining allegations in Paragraph 3 of Shelton's complaint.

### Allegations as to "Parties"

4. Denied. By way of further response, Victory is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 4 of Shelton's complaint.

5. Denied. By way of further response, Victory denies that it is a corporation. Victory is a limited liability company. By way of further response, Victory denies that it is a "corporation which is registered to do business in Pennsylvania." By way of further response, Victory is registered to do business in Pennsylvania as a limited liability company. By way of further response, the remaining allegations in Paragraph 5 of Shelton's complaint constitute conclusions of law to which no response is required. By way of further response, Victory denies that Shelton "specifically asked not to be contacted" or that Shelton "previously sued Victory for similar conduct."

### Allegations as to "Jurisdiction and Venue"

6. Denied. By way of further response, the allegations in Paragraph 6 of Shelton's complaint constitute conclusions of law to which no response is required.

7. Denied. By way of further response, the allegations in Paragraph 7 of Shelton's complaint constitute conclusions of law to which no response is required.

8. Denied. By way of further response, the allegations in Paragraph 8 of Shelton's complaint constitute conclusions of law to which no response is required.

### Allegations as to "Background"

9. Denied. By way of further response, the allegations in Paragraph 9 of Shelton's complaint constitute conclusions of law to which no response is required. By way of further response, the allegations in Paragraph 9 of Shelton's complaint refer to a writing – the TCPA – that should be reviewed for its content. Victory denies all characterizations of that writing.

10. Denied. By way of further response, the allegations in Paragraph 10 of Shelton's complaint constitute conclusions of law to which no response is required. By way of further response, the allegations in Paragraph 10 of Shelton's complaint refer to a writing – alleged federal regulations – that should be reviewed for its content. Victory denies all characterizations of that writing.

11. Denied. By way of further response, the allegations in Paragraph 11 of Shelton's complaint constitute conclusions of law to which no response is required. By way of further response, the allegations in Paragraph 11 of Shelton's complaint refer to a writing – alleged federal regulations – that should be reviewed for its content. Victory denies all characterizations of that writing.

12. Denied. By way of further response, the allegations in Paragraph 12 of Shelton's complaint constitute conclusions of law to which no response is required. By way of further response, the allegations in Paragraph 12 of Shelton's complaint refer to a writing – the TCPA and alleged federal regulations – that should be reviewed for its content. Victory denies all characterizations of that writing.

13. Denied. By way of further response, the allegations in Paragraph 13 of Shelton's complaint constitute conclusions of law to which no response is required. By way of further response, the allegations in Paragraph 13 of Shelton's complaint refer to a writing – the TCPA – that should be reviewed for its content. Victory denies all characterizations of that writing.

14. Denied. By way of further response, the allegations in Paragraph 14 of Shelton's complaint constitute conclusions of law to which no response is required. By way of further response, the allegations in Paragraph 14 of Shelton's complaint refer to a writing – the TCPA – that should be reviewed for its content. Victory denies all characterizations of that writing.

15. Denied. By way of further response, the allegations in Paragraph 15 of Shelton's complaint constitute conclusions of law to which no response is required. By way of further response, the allegations in Paragraph 15 of Shelton's complaint refer to a writing – alleged federal regulations – that should be reviewed for its content. Victory denies all characterizations of that writing.

16. Denied. By way of further response, the allegations in Paragraph 16 of Shelton's complaint constitute conclusions of law to which no response is required. By way of further response, the allegations in Paragraph 16 of Shelton's complaint refer to a writing – alleged federal regulations – that should be reviewed for its content. Victory denies all characterizations of that writing.

17. Denied. By way of further response, the allegations in Paragraph 17 of Shelton's complaint constitute conclusions of law to which no response is required. By way of further response, the allegations in Paragraph 17 of Shelton's complaint refer to a writing – alleged federal regulations – that should be reviewed for its content. Victory denies all characterizations of that writing.

18.     Denied.    By way of further response, the allegations in Paragraph 18 of Shelton's complaint constitute conclusions of law to which no response is required.  By way of further response, the allegations in Paragraph 18 of Shelton's complaint refer to a writing – alleged federal regulations – that should be reviewed for its content.  Victory denies all characterizations of that writing.

### **Allegations as to "Factual Allegations"**

19.     Denied.  By way of further response, the allegations in Paragraph 19 of Shelton's complaint constitute conclusions of law to which no response is required.  By way of further response, the allegations in Paragraph 19 of Shelton's complaint refer to a writing – the TCPA – that should be reviewed for its content.  Victory denies all characterizations of that writing.

20.     Denied.  By way of further response, Victory denies that Shelton did not consent to receiving calls from Victory.

21.     Denied.   By way of further response, Victory denies that Shelton "explicitly revoked consent for Victory to contact him multiple times."  By way of further response, the allegations set forth in Paragraph 21 of Shelton's complaint refer to a writing – a complaint – that should be reviewed for its content.  Victory denies all characterizations of that writing.

22.     Denied.  By way of further response, Victory is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 22 of Shelton's complaint because Shelton failed to state his alleged "residential cellular telephone number."

23.     Denied.  By way of further response, Victory is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 23 regarding Shelton's alleged use of the alleged telephone number.

24. Denied. By way of further response, Victory is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 24 regarding Shelton's alleged use of the alleged telephone number.

25. Denied. By way of further response, Victory is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 25 regarding Shelton's alleged telephone number.

26. Denied. By way of further response, on August 21, 2024, Shelton scheduled an appointment with Victory and consented to a meeting with Victory at the residence owned by his parents for the purpose of giving Shelton an estimate to replace the windows on the residence. Shelton never canceled the appointment that he scheduled with Victory. By way of further response, Victory incorporates here its response to Paragraph 20 of Shelton's complaint.

27. Denied. By way of further response, the allegations in Paragraph 27 of Shelton's complaint constitute conclusions of law to which no response is required. By way of further response, the allegations in Paragraph 27 of Shelton's complaint refer to a writing – a complaint – that should be reviewed for its content. Victory denies all characterizations of that writing.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied. By way of further response, Victory denies that it made calls to any person in purported violation of the TCPA.

36. Denied. By way of further response, Victory is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 36 of Shelton's complaint.

37. Denied. By way of further response, Victory denies that Shelton revoked consent to be called. Victory also denies Shelton's allegation that his purported revocation of consent somehow applies to any other person.

38. Denied. By way of further response, Victory is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 38 of Shelton's complaint.

39. Denied. By way of further response, Victory is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 39 of Shelton's complaint. By way of further response, Victory denies that it made calls to any person in purported violation of the TCPA.

40. Denied. By way of further response, Victory is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 40 of Shelton's complaint. By way of further response, Victory denies that it made calls to any person in purported violation of the TCPA.

41. Denied. By way of further response, Victory is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 41 of Shelton's complaint. By way of further response, Shelton communicated to Victory that he had a need for new windows on more than one dwelling.

42. Denied. By way of further response, the allegations in Paragraph 42 constitute conclusions of law to which no response is required.

43. Denied.

44. Denied. By way of further response, the allegations in Paragraph 44 constitute conclusions of law to which no response is required.

## Allegations as to "Class Action Allegations"

45. Victory incorporates by reference here its responses to Paragraphs 1 through 44 of Shelton's complaint.

46. Denied. By way of further response, the allegations in Paragraph 46 of Shelton's complaint constitute conclusions of law to which no response is required. By way of further response, Victory denies that any class, including the purported putative classes described in Paragraph 46 of Shelton's complaint, should be certified in these proceedings.

47. Denied. By way of further response, the allegations in Paragraph 47 of Shelton's complaint constitute conclusions of law to which no response is required.

48. Denied. By way of further response, the allegations in Paragraph 48 of Shelton's complaint constitute conclusions of law to which no response is required.

49. Denied. By way of further response, the allegations in Paragraph 49 of Shelton's complaint constitute conclusions of law to which no response is required.

50. Denied. By way of further response, the allegations in Paragraph 50 of Shelton's complaint constitute conclusions of law to which no response is required.

51. Denied. By way of further response, the allegations in Paragraph 51 of Shelton's complaint constitute conclusions of law to which no response is required.

52. Denied. By way of further response, the allegations in Paragraph 52 of Shelton's complaint constitute conclusions of law to which no response is required.

### Allegations as to "Count I"

53. Victory incorporates by reference here its responses to Paragraphs 1 through 52 of Shelton's complaint.

54. Denied. By way of further response, the allegations in Paragraph 54 of Shelton's complaint constitute conclusions of law to which no response is required.

55. Denied. By way of further response, the allegations in Paragraph 55 of Shelton's complaint constitute conclusions of law to which no response is required.

56. Denied. By way of further response, the allegations in Paragraph 56 of Shelton's complaint constitute conclusions of law to which no response is required.

57. Denied. By way of further response, the allegations in Paragraph 57 of Shelton's complaint constitute conclusions of law to which no response is required.

58. Denied. By way of further response, the allegations in Paragraph 58 of Shelton's complaint constitute conclusions of law to which no response is required.

### Allegations as to "Count II"

59. Victory incorporates by reference here its responses to Paragraphs 1 through 58 of Shelton's complaint.

60. Denied. By way of further response, the allegations in Paragraph 60 of Shelton's complaint constitute conclusions of law to which no response is required.

61. Denied. By way of further response, the allegations in Paragraph 61 of Shelton's complaint constitute conclusions of law to which no response is required.

62. Denied. By way of further response, the allegations in Paragraph 62 of Shelton's complaint constitute conclusions of law to which no response is required.

WHEREFORE, defendant, Victory Home Remodeling LLC, respectfully requests that the Court enter judgment in Victory's favor as follows:

1. Dismissing Shelton's complaint with prejudice;

2. Awarding Victory its reasonable attorneys' fees and costs incurred in this action; and

3. Awarding Victory such other relief as may be just and appropriate.

## AFFIRMATIVE DEFENSES

By way of further response to the allegations in Shelton's complaint, and without assuming the burden of proof on any issue or element that otherwise rests with Shelton, and expressly denying any and all liability to Shelton, Victory hereby asserts the following affirmative defenses to Shelton's purported claims:

## FIRST AFFIRMATIVE DEFENSE

Shelton's complaint fails to state claims upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Shelton and all individuals he purports to represent lack standing to pursue any claims against Victory because they have neither suffered an injury-in-fact nor any other actual harm or damages.

## THIRD AFFIRMATIVE DEFENSE

Shelton and all individuals he purports to represent are not entitled to any relief because they have suffered no harm, injury or damages.

**FOURTH AFFIRMATIVE DEFENSE**

Shelton and all individuals he purports to represent are not entitled to statutory damages concerning the claims in this lawsuit because the statutory damages Shelton seeks would be disproportionate to the harm alleged by Shelton, statutory damages would be excessive and an award of such excessive statutory damages would violate Victory's rights under the United States Constitution.

**FIFTH AFFIRMATIVE DEFENSE**

Shelton and the individuals he purports to represent are not entitled to injunctive relief concerning the claims in this lawsuit.

**SIXTH AFFIRMATIVE DEFENSE**

Shelton and the individuals he purports to represent are not entitled to an award of attorneys' fees and costs concerning the claims in this lawsuit.

**SEVENTH AFFIRMATIVE DEFENSE**

Shelton has failed to mitigate his damages.

**EIGHTH AFFIRMATIVE DEFENSE**

Shelton's damages, if any, were caused by Shelton's own actions or inaction.

**NINTH AFFIRMATIVE DEFENSE**

Shelton's damages, if any, were caused by one or more persons or entities other than Victory.

**TENTH AFFIRMATIVE DEFENSE**

Shelton's claims are barred, in whole or in part, by violations of the Pennsylvania Rules of Professional Conduct.

**ELEVENTH AFFIRMATIVE DEFENSE**

Shelton's claims are barred because Shelton scheduled an appointment with Victory and consented to a meeting with Victory at the residence owned by his parents for the purpose of giving Shelton an estimate to replace the windows on the residence. Shelton never canceled the appointment that he scheduled with Victory.

**TWELFTH AFFIRMATIVE DEFENSE**

Shelton's claims are barred because Shelton never requested to be placed on Victory's internal do not call list.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Shelton's claims are barred pursuant to the doctrine of consent.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Shelton's claims are barred because Victory did not violate the TCPA.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Shelton's claim are barred, in whole or in part, because, at all times, Victory acted in good faith and did not recklessly, negligently, knowingly, intentionally, and/or willfully violate the TCPA.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Shelton's claims are barred, in whole or in part, because Victory maintained written procedures to comply with the Federal "Do Not Call" registry.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Shelton's claims are barred, in whole or in part, because Victory maintained written procedures to maintain and comply with an internal do not call list.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Shelton's claims are barred, in whole or in part, by the doctrines of estoppel, waiver and unclean hands.

### NINETEENTH AFFIRMATIVE DEFENSE

Class certification is not appropriate because the alleged class members are not so numerous that separate joinder of each member would be impracticable.

### TWENTIETH AFFIRMATIVE DEFENSE

Class certification is not appropriate because Shelton's purported claims are not typical of the purported claim(s) of each member of the putative class.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Shelton cannot maintain this action as a class action because Shelton cannot fairly and adequately protect and represent the interests of each member of the putative class.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Class certification is not appropriate because Shelton cannot demonstrate that a class action is superior to other available means of adjudicating the purported claim(s) in this lawsuit.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Class certification is not appropriate because Shelton has not satisfied the pleading requirements of Federal Rule of Civil Procedure 23.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Class certification is not appropriate because the putative class proposed by Shelton is not ascertainable.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Class certification is not appropriate because the putative classes proposed by Shelton are fail-safe classes.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Victory reserves the right to amend and/or supplement its affirmative defenses.

*/s/ David H. Colvin*
David H. Colvin, Esquire (PA ID No. 91377)
FOX ROTHSCHILD LLP
2001 Market Street, Suite 1700
Philadelphia, PA 19103
(215) 299-2139
dcolvin@foxrothschild.com

*Attorneys for Defendant*
*Victory Home Remodeling LLC*

Dated: November 12, 2024

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing Answer with Affirmative Defenses of Defendant Victory Home Remodeling LLC was electronically filed this day via the Court's ECF system and is available for viewing and downloading from the Court's ECF system. Service upon counsel of record is complete upon counsel's receipt of the Court's email notification of the applicable Notice of Electronic Case Filing.

                                                   */s/ David H. Colvin*
                                                   DAVID H. COLVIN

Dated: November 12, 2024